**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 05-0150 (HHK)** |
| | : | |
| **LAMESHA OWENS,** | : | |
| **Defendant** | : | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MOTION PURSUANT TO FEDERAL CRIMINAL RULE 12(b)

The Defendant, Lamesha Owens, by and through her counsel David Carey Woll and Woll & Woll, P.A., and  pursuant to Federal Criminal Rule 12(b),  respectfully alleges the following:

1.   That there is a defect in the institution of the prosecution including, but not limited to double jeopardy, improper procedures associated with the presentation and return of any indictment, defects in the filing of any information, delay in the institution of the prosecution, and such further defects as shall become known to the Defendant upon receipt of discovery and investigation of this cause.

2.   That there is a defect in the charging document including, but not limited to duplicitousness, vagueness, and all possible constitutional defects. That the charging document does not comply with Federal Criminal Rule 7.

3.   Any search, seizure, statement, or other evidence in this case was the result or product of an unlawful arrest.

4.   Any search and seizure in this case was not pursuant to a valid warrant or any recognized exception to the warrant requirement.

5. Any warrant which resulted in a search and seizure was improperly issued, was overly broad, was stale, did not demonstrate probable cause, and was otherwise improper.

6. Any interception of wire or oral communication was in violation of the District of Columbia and Federal law and was otherwise improper.

7. Any pre-trial identification was impermissibly suggestive. The result of such pre-trial identification is a substantial likelihood of further irreparable mis-identification.

8. Any statement, admission, or confession of the accused was obtained during a period of unnecessary delay, was obtained in violation of the Miranda rights of the accused, was involuntary, was the result of improper threats, promises or inducements, or was otherwise unlawfully obtained.

9. Any prior convictions which Defendant may have are inadmissible for purposes of impeachment.

WHEREFORE, Defendant respectfully requests the following relief after hearing on this matter:

1. Dismissal of the charging document.

2. Suppression of any evidence which is the product or fruit of any unlawful search, seizure, or interception of wire or oral communication.

3. Suppression of any evidence which is derived from any unlawful search, seizure, or interception of wire or oral communication.

4. Suppression of any pre-trial identification and any subsequent identification in court or elsewhere.

5. Suppression of any unlawfully obtained statement, admission or confession and any derivative evidence.

6.  Defendant requests a preliminary ruling on the admissibility of Defendant's prior

convictions for purposes of impeachment.

7.  And for such other and further relief as justice shall require after hearing of this

matter.

 

 

_____        _____
                                       David C. Woll
                                       WOLL & WOLL, P.A.
                                       Attorney for Defendant
                                       11501 Georgia Avenue, Suite 201
                                       Wheaton, MD 20902
                                       301-933-6962

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion Pursuant to Federal Criminal Rule 12(b) was mailed, first class postage pre-paid this 14th day of September, 2005 to the United States Attorney's Office, 555 4th St. NW, Washington DC 20530.

 

 

                                       _____
                                       David C. Woll

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 05-0150 (HHK)** |
| | : | |
| **LAMESHA OWENS,** | : | |
| **Defendant** | : | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION PURSUANT TO FEDERAL CRIMINAL RULE 12(b)**

The Defendant reserves the right to file further and more specific Points and Authorities in support of this Motion upon receipt of complete discovery and after hearing on this matter.

The Fifth Amendment prohibition against double jeopardy is binding on the States and Federal standards apply. Dentin v. Maryland, 395 U.S. 784 (1969).

The Fourth Amendment protection against unreasonable search and seizure guarantees all citizens a reasonable expectation of privacy. Katz v. United States, 389 U.S. 347 (1967).

A search which is reasonable at inception may violate the Fourth Amendment by its intensity and scope. Ybarra v. Illinois, 444 U.S. 85 (1979).

Mere evidence cannot be seized unless there is probable cause to believe it will aid in a particular apprehension or conviction. General exploratory searches are forbidden. Stanford b. Texas, 379 U.S. 476 (1965).

A search warrant, in order to be valid, must be specific. Andresen v. Maryland, 427 U.S. 463 (1976).

The burden is on the government to justify any search not pursuant to a warrant. Bumper v. North Carolina, 391 U.S. 593 (1968) (for example, where consent is urged as the basis for the search).

Any electronic eavesdropping must meet the requirements not only of Maryland law, but also of the Federal Wire Tap Statute, 18 U.S.C. Section 2501, et seq.

A Fourth Amendment violation may cause a subsequent statement of an accused to be inadmissible. Brown v. Illinois, 422 U.S. 590 (1975). See, Dunaway v. New York, 422 U.S. 200 (1979).

Illinois v. Gates, 462 U.S. 213 (1983) replaces the strict application of the two pronged test of Aguilar v. Texas, 378 U.S. 108 (1964) with a totality of the circumstances test.

The Aguilar analysis, however, has not been abandoned. Gates merely provides that a deficiency under one prong of the Aguilar test may be compensated for by a strong showing of the other.

Impermissibly suggestive identification procedures mandate suppression of the identification and subsequent identifications. See, Neil v. Biggers, 409 U.S. 188 (1972) and Manson v. Brathwaite, 432 U.S. 98 (1977).

The Government bears the burden of proving that any confession of the accused was voluntary, in compliance with Miranda, and otherwise proper. Lego v. Twomey, 404 U.S. 477 (1972).

A statement which is voluntary and in compliance with Miranda may still be inadmissible if obtained in violation of Defendant's right to counsel. Maine v. Moulton, 106 S. Ct. 477 (1985).

When a Defendant requests a preliminary ruling on the admissibility of Defendant's prior convictions for purposes of impeachment, the trial judge must make a pretrial determination.

<u>Williams v. State</u>, 110 Md. App. 1, 675 A.2d 1037 (1996).


_____

David Carey Woll
WOLL & WOLL, P.A.
Attorney for Defendant
11501 Georgia Avenue, Suite 201
Wheaton, MD 20902