Rachel Lieber, Esquire
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, NW
Washington, DC 20531

Re:  United States vs. Lamesha Owens
     Case No. 05-150-3(HHK)

**VIA FIRST CLASS MAIL**

September 23, 2005

Dear Ms. Lieber:

Please allow this letter to serve as a formal request by Defendant, Lamesha Owens, by and through undersigned counsel, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the United States Attorney for the District of Columbia to furnish her with the following:

A.  Statements by the Defendant

I request notice of any oral or written statements made by Ms. Owens.

B.  Prior Record

I request certified copies of any prior convictions of Ms. Owens be made available at least five (5) days before trial.

C.  Documents and Tangible Objects

I request copies of any documents discoverable pursuant to the Federal Rules of Criminal Procedure, including without limitation the Indictment, Gerstein, PD 163, PD 47, UC Report, PD 81, PD 95, DEA-7, PD 14 and all Officers' notes.

D.  Photographs and Other Tangible Evidence

I request a copy and/or an opportunity to view: all photographs of the Defendant, photographs of the scene, diagrams or maps of the location where the incident occurred, videotapes and audiotapes of the incident, fingerprint evidence, money, the drugs and packaging. I request a meeting with you to view the evidence.

E. <u>Tape Recordings</u>

I request copies of any radio transmissions related to this case.

F. <u>Results or Report of Examinations and Tests</u>

If there is DNA testing done, please let me know the results as soon as they become available. If additional testing is done, please let me know as soon as possible.

G. <u>Expert Witnesses</u>

Please let me know as soon as possible the names and summaries of any expert's testimony. Please provide the qualifications of all experts the government intends to call at trial. Please provide all reports made by any and all experts engaged by the government in this case including all reports from DEA laboratory.

H. <u>Identification</u>

Please provide me with information related to the identification procedures conducted in this case.

I. <u>Other Crimes Evidence</u>

Pursuant to Rule 404(b) of the Federal Rules of Evidence, please provide me with written notice of any Other Crimes, Wrongs, or Acts, allegedly committed by the Defendant, and which the Government intends to introduce at trial pursuant to Rule 404(b).

J. <u>Brady Impeachment and Bias Material</u>

I am requesting the following:

1. All prior convictions and juvenile delinquent adjudications of all government witnesses.
2. All information in the possession of the government indicating that: (a) any government witness has had a pending juvenile or criminal case on, or since the offense in this case; (b) any government witness has had an arrest, guilty pleas, trial, or sentencing on, or since the date of the offense in the present case; (c) any government witness has been on juvenile or criminal parole, or probation on, or since the date of offense, and (d) any government witness now has or has had any other liberty interest which the witness could believe, or could have believed might be favorably affected by government action. With respect to this information I request docket numbers, dates, and jurisdictions for all such cases. See <u>Davis v. Alaska</u>, 415 U.S. 508 (1974); <u>Washington v. United States</u>. 461 A.2d 1037 (D.C. 1983).

3. Any prior, inconsistent, non-corroborative, or other witness statements, which will not reflect the witness' trial testimony. See United States v. Enright. 579 F.2d 980, 989 (6th Cir. 1978)

4. All information in the government's possession indicating that the mental state of any government witness is below normal or in any way abnormal.

5. All information that any government witness and/or informant was under the influence of alcohol, narcotics or any other drug at the time of the observations about which the witness will testify, and/or the informant informed, or that the witness'/informant's faculties of observation were impaired in any way.

6. All information that any government witness has been or is a police informant either at the time of the offense and/or through the day of trial. If any witness is or has been an informant then: (a) disclosure of the length and extent of the witness' informant status; (b) the amounts normally paid to the informant; (c) non-monetary assistance also provided to the informant including but not limited to assistance in avoiding or minimizing harm from charges pending against the informant, such status having existed either at the time of the offense and/or any other time through the day of trial; (d) all benefits or promises of benefit, or statements that benefit would not be provided without cooperation that were made to the informant in connection with this case whether, or not fulfilled ("benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value) and (e) the nature of assistance provided in the past, including the number of occasions and form of help. See United States v. Gabley. 105 S.Ct. 3375 (1985); Springer v. United States. 388 A.2d 846 (D.C. 1978).

7. All deals, benefits or promises of benefit, threats, or statements that benefit would not be provided without cooperation that were made to any government witness in connection with this case. See Giglio v. United States. 405 U.S. 150 (1972): Springer, supra.

8. Any failures by any witness to provide the police or the government with information testified to at trial.

K. Other Brady Material

_____ I request that I be provided with:

1. The names and addresses of all persons who would contradict or impeach any government testimony, or other evidence.

    2.      Any other information in the possession of the government which is favorable to the defense whether or not technically admissible in court and which is material to the issues of guilt and/or punishment.

L.      <u>Other Request</u>

I further request the names and addresses of all government witnesses. <u>United States v. Holmes</u>. 343 A.2d 172, <u>reh</u> <u>denied</u>. 346 A.2d 517 (D.C. 1975).

M.      <u>Plea Offer</u>

_____There is no plea offer at this time.

For purpose of this letter, any related litigation "information" refers to all documentary, tangible or oral material including but not limited to statements by witnesses whether recorded, or otherwise memorialized, or not, grand jury testimony, and reports of investigation, or personal notes of investigators. Such information is "known" to the government, known to you personally or known to any other prosecutor or government agent and is known to the government, if you could acquire actual knowledge of such information through the exercise of due diligence in responding to these inquiries. If such information is disclosed by you, please disclose all supporting documents or objects as well as the names and addresses of all witnesses having knowledge of the information disclosed. Finally, the duty to disclose is a continuing one stretching until final disposition of the case.

In the event that you are unable or unwilling to provide the requested material, or if you disagree with any of the foregoing material, or disagree with any of the foregoing representations, please advise me as soon as possible. Thank you for your prompt attention to this matter.

                                Very truly yours,

                                David Carey Woll

DCW:fba
cc:     Court Jacket
        client
        file